1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6                          SAN JOSE DIVISION

7

8    STATE NATIONAL INSURANCE COMPANY,          Case No. 5:13-cv-05240-EJD
     INC., a Texas corporation,

9                    Plaintiff,                 **ORDER GRANTING MOTION TO
                                                STAY; DENYING WITHOUT
10          v.                                  PREJUDICE MOTIONS TO
                                                DISMISS**
11   US-SINO INVESTMENT, INC., a California
     corporation, et al.,                       Re: Dkt. Nos. 87, 92, 105, 107

12                   Defendants.

13

14

15          In this insurance coverage dispute, Plaintiff State National Insurance Company, Inc.

16   ("State National") filed the instant declaratory relief action against 17 defendants stemming from

17   three civil actions in state court involving the death of a construction worker.  The defendants

18   named in this action include US-SINO Investment, Inc. ("SINO"), Richard Xin Liu ("Liu"), Dan

19   Luo ("Luo"), Wesley Chen ("Chen"), Carlos Hernandez ("Hernandez"), Apolinar Polo Perez, Polo

20   Perez Construction, Polo Perez Construction, Inc., Re Realty Experts, Inc., Re Realty Experts

21   Affiliates, Inc., BSK Associates, Inc., and the "Pacheco Defendants" consisting of Maria Leticia

22   Palacios Pacheco, Yaretzy Zapata Palacios, Maria del Refugio Zapata Palacios, Fatima Vanessa

23   Zapata Palacios, Faustino Zapata Mercado, Martin Valenzuela Gaytan, Carlos Bocel Chiyal, and

24   Francisco Javier Sanchez Rangel.  Presently before the court are Chen's Motion to Dismiss (Dkt.

25   No. 87); the Pacheco Defendants' Motion to Dismiss, or in the alternative, Motion to Stay (Dkt.

26   No. 92); and SINO and Liu's joinder to the Pacheco Defendants' motion (Dkt. Nos. 105, 107).

27                                            1

*United States District Court*
*Northern District of California*

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332(a)(1).  After carefully considering the parties' pleadings along with oral argument, the court finds that the circumstances presented by this case warrant a stay in favor of the related state court civil proceedings.  Accordingly, the Pacheco Defendants' Motion to Stay will be GRANTED, and the remaining motions to dismiss will be DENIED WITHOUT PREJUDICE for the reasons explained below.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Background

State National alleges that on October 7, 2011, it issued SINO a commercial general liability policy effective October 9, 2011 to October 9, 2012 (the "Policy").  First Am. Compl., Dkt. No. 49 at ¶ 44.  The Policy contained limits of $1 million per occurrence, $2 million general aggregate, and $2 million products/completed operations aggregate.  Id.

SINO and Chen subsequently entered into a contract whereby SINO agreed to build a custom home for Chen in Milpitas, California.  Id. at ¶ 33.  SINO hired contractors to perform the work.  Id. at ¶ 34.  A payment dispute with the contractor hired to perform soils/grading work allegedly ensued, resulting in the contractor leaving the job in late December 2011 or early January 2012 and leaving the walls unshored.  Id. at ¶ 36.  After enduring three weeks of rain, in mid to late January 2012, SINO, Liu and/or Luo hired new contractors and workers to work at the construction site, including the decedent Raul Zapata Mercado ("decedent").  Id. at ¶¶ 37-38.  An inspector from the City of Milpitas went to the construction site and issued a Stop Work Notice due to the danger of the unshored walls that included the likelihood of soil movement and collapse.  Id. at ¶ 39.  Despite the Stop Work Notice, however, work allegedly continued on the construction site.  Id. at ¶ 40.  On January 28, 2012, the decedent was working in a trench dug into the ground adjacent to an unshored wall, and was killed when the soil and earth moved causing the soil to bury him alive.  Id. at ¶¶ 35, 42.  Work on the construction site stopped following the death of the decedent.  Id. at ¶ 43.

Case No.: 5:13-cv-05240-EJD
ORDER GRANTING MOTION TO STAY; DENYING WITHOUT PREJUDICE MOTIONS
TO DISMISS

State National alleges that the California State Contractors Board suspended SINO's contractor's license, and the Policy issued by State National to SINO was cancelled effective March 25, 2012.  Id. at ¶ 45.

### B.   Underlying Civil Actions in State Court

As a result of this accident, three civil actions were filed in state court.  The first matter is Maria Leticia Palacio Pacheco et al. v. US-SINO Investment, Inc. et al, Case No. 112 CV 236494, filed in Santa Clara County Superior Court on November 21, 2012 (the "Pacheco Action").  Id. at ¶ 27.  The Pacheco Action is a wrongful death suit alleging that the decedent's death was caused by the acts and omissions of defendants SINO, Liu and Luo.  Id. at ¶ 28.  Several cross-complaints have been filed by co-defendants of SINO, Liu and Luo seeking indemnity and contribution.  Id. at ¶ 29.

The second matter is Wesley Chen v. US-SINO Investment, Inc. et al., Case No. 113 CV 245057, filed in Santa Clara County Superior Court on August 8, 2014 (the "Chen Action").  Id. at ¶ 30.  The Chen Action is a breach-of-contract suit, and several cross-complaints have also been filed by co-defendants of SINO, Liu and Luo seeking indemnity and contribution.  Id. at ¶¶ 30-31.

The third matter is Hernandez v. US-SINO Investment, Inc. et al, Case No. HG14711571, filed in Alameda County Superior Court on October 3, 2014 (the "Hernandez Action").  Id. at ¶ 32.  In that case, Hernandez is suing for negligence and fraud, and alleges that he was working at the construction site when the wall collapsed and buried one of his co-workers and friend.  Id. at ¶ 32.

In addition to the three civil actions, criminal charges were brought against Liu, Luo, and SINO.  At oral argument, it was confirmed that Liu and Luo have been convicted and sentenced, and both are currently serving their term; and the criminal charges against SINO have been dismissed.

### C.   Procedural History

State National commenced the instant action in federal court on November 12, 2013,

Case No.: 5:13-cv-05240-EJD
ORDER GRANTING MOTION TO STAY; DENYING WITHOUT PREJUDICE MOTIONS TO DISMISS

United States District Court
Northern District of California

seeking only declaratory relief.  See Dkt. No. 1.  On January 15, 2015, State National filed its First Amended Complaint, which is the operative complaint, and asserts the following claims: (1) declaratory relief—no duty to defend in the Pacheco Action; (2) declaratory relief—no duty to indemnify in the Pacheco Action; (3) declaratory relief—no duty to defend in the Hernandez Action; (4) declaratory relief—no duty to indemnify in the Hernandez Action; (5) declaratory relief—no duty to defend in the Chen Action; and (6) declaratory relief—no duty to indemnify in the Chen Action.  See First Am. Compl.

In June 2015, Defendants filed the following motions that are currently before the court[1]: (1) Chen filed a Motion to Dismiss the fifth and sixth claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (see Dkt. No. 87); (2) the Pacheco Defendants filed a Motion to Dismiss, or in the alternative, Motion to Stay pending resolution of the underlying civil and criminal actions (see Dkt. No. 92); and (3) SINO and Liu filed a joinder to the Pacheco Defendants' motion (see Dkt. Nos. 105, 107).[2]  These matters have been fully briefed.  See Dkt. Nos. 109, 110, 111, 112, 113, 114.  The court held oral argument on September 17, 2015.  See Dkt. No. 147.

Although Defendants filed separate motions to dismiss, these motions can be resolved solely by addressing the Pacheco Defendants' Motion to Stay.  Therefore, only the Motion to Stay will be examined.

## II.    LEGAL STANDARD

The district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  Using this power, one case may be stayed in favor of another.  Leyva v. Certified Grocers of Cal., Ltd., 593

---

[1] On August 11, 2015, State National filed a Motion for Summary Judgment or Partial Summary Judgment.  See Dkt. No. 118.  At oral argument, State National referenced the purported undisputed facts it set forth in the summary judgment motion.  Since the summary judgment motion is not currently before the court, the arguments presented therein will not be considered in this order.

[2] The joinders to the Pacheco Defendants' motion are GRANTED.

4

Case No.: 5:13-cv-05240-EJD
ORDER GRANTING MOTION TO STAY; DENYING WITHOUT PREJUDICE MOTIONS TO DISMISS

1  F.2d 857, 863-64 (9th Cir. 1997) ("A trial court may, with propriety, find it is efficient for its own

2  docket and the fairest course for the parties to enter a stay of an action before it, pending

3  resolution of independent proceedings which bear upon the case.  This rule applies whether the

4  separate proceedings are judicial, administrative, or arbitral in character, and does not require that

5  the issues in such proceedings are necessarily controlling of the action before the court.").

6        In order to determine whether a Landis stay should be implemented, various interests must

7  be considered: (1) "the possible damage which may result from the granting of a stay," (2) "the

8  hardship or inequity which a party may suffer in being required to go forward," and (3) "the

9  orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

10  questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d

11  265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 154-55).  Whether to grant a stay request is a

12  matter entrusted to the discretion of the district court.  See Landis, 299 U.S. at 254 ("How this can

13  best be done calls for the exercise of judgment, which must weigh competing interests and

14  maintain an even balance.").

15        When weighing the relevant interests, the court must be mindful that "if there is even a fair

16  possibility that the stay for which he prays will work damage to some one else," the moving party

17  "must make out a clear case of hardship or inequity in being required to go forward." Id. at 255.

18  Indeed, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while

19  a litigant in another settles the rule of law that will define the rights of both." Id.  Moreover, the

20  moving party must cite to something more than the intrinsic inconvenience arising from

21  involvement in litigation.  "[B]eing required to defend a suit, without more, does not constitute a

22  'clear case of hardship or inequity' within the meaning of Landis." Lockyer v. Mirant Corp., 398

23  F.3d 1098, 1112 (9th Cir. 2005).

24  **III.    DISCUSSION**

25        The Pacheco Defendants move to stay these proceedings pursuant to Landis.  Dkt. No. 92

26  at 9.  Each relevant consideration is discussed below.

27

28  Case No.: 5:13-cv-05240-EJD
    ORDER GRANTING MOTION TO STAY; DENYING WITHOUT PREJUDICE MOTIONS
    TO DISMISS

United States District Court
Northern District of California

5

United States District Court
Northern District of California

### A.     Whether a Stay is Efficient or Will Simplify Issues

The court begins by examining whether entering a stay of this action in favor of the state civil actions will result in any considerable efficiency or simplification of issues.

The Pacheco Defendants argue that in adjudicating the instant declaratory relief action concerning insurance coverage based on certain exclusions of the Policy, this court will have to make certain factual determinations that are at issue in the state civil actions.  Id. at 11.  Specifically, the Pacheco Defendants point to three major issues that will overlap between this action and the state civil actions: (1) the intent of the insureds and others; (2) the circumstances surrounding the nature of the accident; and (3) the nature of the relationship between the insureds and the decedent.  Id. at 11, 13, 17.  In opposition, State National argues that there is no entanglement between the federal and state proceedings because, in the instant action, the only issues before the federal court are whether State National has a duty to defend or indemnify its insureds in any of the state court actions based on undisputed facts.  Dkt. No. 109 at 10, 12.  State National further argues that this court will be presented only with questions of law since it will be examining the terms of the Policy, and thus there is no risk of duplicative litigation.  Id. at 11.

Upon examining the Policy exclusions State National seeks this court to evaluate in determining coverage, this court agrees with the Pacheco Defendants that such evaluation will necessarily require certain factual determinations.  For example, State National seeks adjudication on whether the following Policy exclusion applies:

> **Expected or Intended Injury.**  [The Policy does not apply to] "[b]odily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

First Am. Compl. at ¶ 47.  As argued by the Pacheco Defendants, application of this exclusion requires a factual determination on the intent of the insured.  See Dkt. No. 92 at 12.  State National also seeks adjudication of the following Policy exclusion:

Case No.: 5:13-cv-05240-EJD
ORDER GRANTING MOTION TO STAY; DENYING WITHOUT PREJUDICE MOTIONS
TO DISMISS

1

2
       **Punitive or Exemplary Damage.**  [The Policy does not apply to] [a]ny sums that the insured becomes legally obligated to pay for punitive, exemplary or multiple damages.

3   First Am. Compl. at ¶ 53.  Likewise, a determination of whether this exclusion applies requires a

4   finding that the insured acted maliciously so as to be liable for punitive damages.  In both of these

5   instances, this court must make a factual determination on the intent of the insured, which is an

6   issue the Pacheco Defendants are litigating in their state civil proceeding.

7         Another example concerns a factual determination on the circumstances surrounding the

8   accident.  State National seeks adjudication on whether the following Policy exclusion applies:

9

10

11

12
       **Subsidence.**  [The Policy does not apply to] "bodily injury," "property damage" or "personal and advertising injury" arising out of the "subsidence" of land and arising out of or attributable to any ongoing operation of the insured or performed on the insured's behalf or the "products/completed operations hazard."

13

14
       This exclusion applies whether such "bodily injury," "property damage" or "personal and advertising injury" arises solely from "subsidence" or from "subsidence" in combination with other causes, whether natural or man made.

15

16

17

18

19

20
       "Subsidence" means earth movement including but not limited to:
(1) Landslide;
(2) Mudflow;
(3) Earth sinking;
(4) Earth rising;
(5) Collapse or movement of fill;
(6) Improper compaction;
(7) Earth settling, slipping, falling away, caving in, eroding or tilting;
(8) Earthquake; or
(9) Any other movement of land or earth.

21   First Am. Compl. at ¶ 55.  While State National argues that it is sufficient to find that the decedent

22   was buried, the court agrees with the Pacheco Defendants that causation is a key issue in

23   determining the application of this exclusion.  <u>See</u> Dkt. No. 92 at 13; Dkt. No. 109 at 14.

24   Application of the exclusion requires a factual determination as to whether the subsidence arose

25   out of or is attributable to the insured's ongoing operation or performed on the insured's behalf.

26   The causation of the accident and the insured's conduct are issues being litigated in the state civil

27

28   Case No.: <u>5:13-cv-05240-EJD</u>
ORDER GRANTING MOTION TO STAY; DENYING WITHOUT PREJUDICE MOTIONS
TO DISMISS

United States District Court
Northern District of California

proceedings.

Lastly, State National seeks adjudication on a series of policy exclusions pertaining to the

relationship between and among the insured, the decedent, and other actors including:

> **Exclusion—Engineers, Architects or Surveyors Professional Liability.**   This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by [the insured] or any engineer, architect or surveyor who is either employed by [the insured] or performing work on [the insured's] behalf in such capacity.

First. Am. Compl. at ¶ 58.

> **Exclusion—Contractors—Professional Liability.**   This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by [the insured] or on [the insured's] behalf, but only with respect to either or both of the following operations:
> a. Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and
> b. Providing, or hiring independent professionals to provide engineering, architectural or surveying services in connection with construction work [the insured] perform[s].

Id. at ¶ 59.

> **Exclusion—Inspection, Appraisal and Survey Companies.**   This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" for which the insured may be held liable because of the rendering of or failure to render professional services in the performance of any claim, investigation, adjustment, engineering, inspection, appraisal, survey or audit services."

Id. at ¶ 60.  As the Pacheco Defendants persuasively argue, adjudication of these issues requires an

inquiry into the cause of the accident and a determination as to the party liable for the accident.

Dkt. No. 92 at 16.  These issues are being litigated in the state civil proceedings.

In sum, to evaluate whether any of these Policy exclusions apply, this court will

necessarily have to delve into the facts surrounding the circumstances of the decedent's accident.

Many of these issues and factual determinations overlap with the state civil proceedings.  Thus,

any factual determinations made by this court may conflict with the findings made in state court.

Case No.: 5:13-cv-05240-EJD
ORDER GRANTING MOTION TO STAY; DENYING WITHOUT PREJUDICE MOTIONS
TO DISMISS

1   As such, a temporary stay of this action will simplify the issues and promote the "orderly course

2   of justice."

3   **B.    The Possibility of Damage, Hardship or Inequity**

4   The court now considers the possible damage to State National in granting a stay, and the

5   potential hardship or inequity imposed on the Pacheco Defendants in the absence of a stay.

6   State National argues that if a stay is granted, it will suffer prejudice because it would be

7   forced to continue paying defense costs for the state court actions even if it is ultimately found that

8   there was no duty to defend.  Dkt. No. 109 at 17.  On the other hand, the Pacheco Defendants

9   argue that litigating this action will impose a hardship because their focus and limited resources

10  will be pulled away from their state court action in order to defend this action.  Dkt. No. 92 at 9.

11  The Pacheco Defendants further argue that litigating this insurance coverage action before the

12  resolution of the Pacheco Defendants' state court action will deprive the Pacheco Defendants of

13  the right to have factual issues adjudicated in their chosen forum—state court.  Id. at 10-11.

14  Furthermore, they argue that they will suffer prejudice if faced with collateral estoppel.  Id. at 10.

15  In weighing the risks of prejudice and hardship, it appears that the Pacheco Defendants

16  will endure a greater level of risk.  While State National expressed at oral argument that it should

17  not be punished for "doing the right thing" by providing a defense to its insured, providing such a

18  defense is part of an insurer's obligation and cost of doing business.  A temporary stay of this

19  action will not preclude State National from seeking reimbursement of defense fees and costs

20  should it become necessary in the future.

21  The Pacheco Defendants, however, will suffer prejudice and hardship in the absence of a

22  stay.  Under the circumstances now presented, the Pacheco Defendants have been forced to defend

23  a federal insurance coverage dispute in which they are not the insured.  Given their limited

24  resources, it is a significant burden for the Pacheco Defendants to litigate claims in two courts.

25  **C.    Balancing and Conclusion**

26  On balance, the potential prejudice and hardship to the Pacheco Defendants that could

27

28  Case No.: 5:13-cv-05240-EJD
ORDER GRANTING MOTION TO STAY; DENYING WITHOUT PREJUDICE MOTIONS
TO DISMISS

United States District Court
Northern District of California

9

result from inconsistent factual determinations outweighs any slight amount of prejudice State National may suffer from a temporary stay. Additionally, a temporary stay may result in the simplification of issues in this action. Therefore, this court concludes that abatement in favor of the parallel state proceedings is justified. Accordingly, the Pacheco Defendants' Motion to Stay will be granted.

As to the duration of the stay, "a stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting Leyva, 593 F.2d at 864). Recognizing that there is a general policy favoring stays of short, or at least reasonable duration, stays should not be indefinite. Id. at 1066-67. Given that the three state civil actions are based on the same set of facts, it is reasonable to stay this action until the resolution of all three state civil actions. Until such time, reporting requirements will be imposed so that the state litigations can be monitored by this court and the continuing propriety of this stay can be evaluated on an ongoing basis.

**IV.    ORDER**

Based on the foregoing, the Pacheco Defendants' Motion to Stay (Dkt. No. 92) is GRANTED. This action is STAYED in its entirety until the final resolution of the following actions: (1) Maria Leticia Palacio Pacheco et al. v. US-SINO Investment, Inc. et al, Case No. 112 CV 236494, in Santa Clara County Superior Court[3]; (2) Wesley Chen v. US-SINO Investment, Inc. et al., Case No. 113 CV 245057, in Santa Clara County Superior Court; and (3) Hernandez v. US-SINO Investment, Inc. et al, Case No. HG14711571, in Alameda County Superior Court; or, until further order of this court. The clerk shall ADMINISTRATIVELY CLOSE this file.

The parties shall submit a brief Joint Status Report apprising the court of the status of the state court actions on January 4, 2016, and continuing every three months thereafter. Furthermore,

---

[3] At oral argument, counsel for the Pacheco Defendants informed the court that a request was made in state court to give the Pacheco Action priority on the state court docket.

10

Case No.: 5:13-cv-05240-EJD
ORDER GRANTING MOTION TO STAY; DENYING WITHOUT PREJUDICE MOTIONS TO DISMISS

United States District Court
Northern District of California

within 10 days of either (1) a resolution of the state court actions through settlement or other informal means, or (2) a final ruling from the court on any of the state court actions, the parties shall file a Joint Notice informing the court of such development and shall request that this matter be reopened and that a Case Management Conference be scheduled.

The remaining motions to dismiss (Dkt. Nos. 87, 92) are DENIED WITHOUT PREJUDICE to being re-filed and re-noticed when appropriate.


**IT IS SO ORDERED.**

Dated: September 23, 2015



EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

11